**STATE of Minnesota, Respondent,**

v.

**Dean Arthur SCHILLING, Appellant.**

**No. C9–90–2606.**

Court of Appeals of Minnesota.

Aug. 20, 1991.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael E. Orman, Charles C. Kallemeyn, Orman & Nord, Duluth, for respondent.

John M. Stuart, State Public Defender, Minneapolis, for appellant.

Considered and decided by KLAPHAKE, P.J., and LANSING and DAVIES, JJ.

## OPINION

DAVIES, Judge.

Appellant challenges the admission of hearsay statements at trial and claims a violation of his right to confront the witnesses against him. We reverse.

## FACTS

On March 14, 1990, a pick-up truck was stopped for speeding. As the officer approached the truck, he observed it "rocking." He suspected there was an attempt to switch drivers. By the time the officer got a clear view, two of the three men in the front seat were in the middle seat. They were moving and the man on top "launched himself into the driver's seat" and then drove the truck another 10 to 15 yards. The person in the driver's seat was the owner of the pick-up, G. Brian Koivisto; the person in the middle was the defendant, Dean Schilling. The officer had not seen which person was in the driver's seat originally, but he drew the conclusion that Schilling had moved out of the driver's seat. Schilling was charged with speeding and driving after revocation of his license.

Both Koivisto and the third person in the truck, Richard Behrendt, were subpoenaed for the first date set for Schilling's trial. At that time, the state alleged that Behrendt had been intimidated by Schilling and was unwilling to testify; the state also stated that Koivisto and another witness were unavailable. A continuance was granted and Schilling was ordered to have no contact with Behrendt and Koivisto prior to trial.

Behrendt was subpoenaed for the second trial date, but the subpoena for Koivisto was returned unserved. Neither witness showed up and the trial court admitted their out-of-court statements to police officers regarding who was driving the truck. Schilling was convicted by a jury and appeals.

## ISSUES

1. Did the trial court err in admitting hearsay statements as evidence against appellant?

2. Did the trial court err in finding that appellant intimidated the absent witnesses and, therefore, waived his right to confront the witnesses against him?

## ANALYSIS

Appellant challenges the admission at trial of out-of-court statements of witnesses Koivisto and Behrendt, alleging violations of both the hearsay rules and appellant's right to confront witnesses against him.

■ a. *Hearsay.* To be admissible at trial, hearsay statements must fall within an exception to the hearsay rules, such as Minn.R.Evid. 804, relied on by the trial court. Minn.R.Evid. 804(a) requires the unavailability of a declarant and Minn. R.Evid. 804(b) requires that the statement have "circumstantial guarantees of trustworthiness."

Minn.R.Evid. 804(a)(2) provides that: "Unavailability as a witness" includes situations in which the declarant—

\* \* \* \* \* \*

(2) persists in refusing to testify concerning the subject matter of the declarant's statement despite an order of the court to do so.

Behrendt was served with subpoenas requiring him to appear on each of the proposed trial dates. Koivisto was served with a subpoena for the first trial date and could not be found for service as to the second trial date. The witnesses meet the criteria for being unavailable.

■ As to trustworthiness, appellant alleges the statements are "unsworn, *ex parte* statements made during police questioning" such as were declared "inherently untrustworthy" in *State v. Hansen*, 312 N.W.2d 96, 103 (Minn.1981) (citing *United States v. Sarmiento Perez*, 633 F.2d 1092, 1102–03 (5th Cir.1981)). Further, appellant argues that everyone in the truck had some motive to allege someone else was driving. Koivisto had been drinking; in fact, the officer investigated the possibility of charging him with DWI for having driven the truck ahead 10 to 15 yards after the stop. Behrendt's license was revoked, as was Schilling's. For these reasons and without explicit trial court findings to the contrary, we cannot say that statements made under these dubious circumstances have the "circumstantial guarantees of trustworthiness" required for admission under Minn. R.Evid. 804(b)(5). Therefore, we hold that the statements here have insufficient indicia of reliability for use under the hearsay exceptions.

■ b. *Confrontation clause.* Even if the out-of-court statements had been sufficiently reliable to be admitted under an exception to the hearsay rule, their admission may violate the confrontation clause in the sixth amendment to the United States constitution. *Hansen*, 312 N.W.2d at 102. As the supreme court explained in *Hansen:*

A two-step analysis is required in each case to determine whether application of the hearsay exception violates the confrontation clause. First, the necessity of the hearsay declaration must be addressed. Second, the reliability of such declarations must be examined.

*Id.* (citation omitted). While the test for confrontation under *Hansen* appears to parallel the hearsay exemption test, an additional question here is whether appellant is deemed to have "intentionally waived or

forfeited the right to confrontation." *Id.* at 103.

The supreme court has held that

a defendant who procures the absence of a witness by threats impliedly waives his right to confrontation.

*Id.* at 103–04. In *Hansen*, the supreme court also stated that:

To find a waiver based on a witness' reluctance to testify, absent any evidence of threats attributable to defendant, would destroy the right of confrontation.

*Id.* at 105.

Here, other than the witnesses' original reluctance to make statements about appellant's behavior, we have only the prosecutor's assertion that Behrendt did not appear at trial because of "the intimidation by Mr. Schilling." This conclusory statement by counsel is insufficient to require the inference that the witness' reluctance to testify was attributable to respondent's intimidation. *See id.* at 105.

■ We hold that it is error to determine that a defendant has waived his constitutional right to confront witnesses against him because of intimidation without a basis for that conclusion in the evidentiary record.

■ c. *Harmless error.* When confrontation clause rights have been violated, such an error

can be harmless only when it is harmless beyond a reasonable doubt. The remaining evidence must be "overwhelmingly persuasive of defendant's guilt."

*State v. Olson*, 291 N.W.2d 203, 206 (Minn. 1980) (citations omitted). We hold that the statements were admitted erroneously. The remaining evidence here was not "overwhelmingly persuasive" and the admission, therefore, was not harmless error.

## DECISION

We hold the trial court erred a) in admitting hearsay statements that were unreliable here because the declarants had a motivation to lie and b) in holding that a defendant has waived his constitutional right to confront witnesses against him due to in-

timidation without a factual record showing the underlying basis for that conclusion.

Reversed.